IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:10CR198 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| HARRY GONGLOFF, | ) | MOTION TO SHOW CAUSE WHY |
| | ) | DEFENDANT SHOULD NOT BE HELD |
| Defendant. | ) | IN CONTEMPT |

## I. PROCEDURAL HISTORY

Defendant Harry Gongloff (Defendant) was originally sentenced on November 4, 2010, and ordered to pay restitution in the sum of $353,086.73 (J., ECF No. 17, PageID # 70). Since he was sentenced 8-1/2 years ago, the Defendant has made payments totaling $11,422.55. Exhibit A, Payment History. On April 24, 2013, the Court ordered the Financial Litigation Unit (FLU) of the Office of the United States Attorney to collect the balance of the restitution owed by the Defendant (Order, ECF No. 19). The FLU entered into a repayment agreement with the Defendant effective June 15, 2013, for $200.00/month. The Defendant was mostly compliant with the payment agreement, however, he stopped making payments with his last payment received over three years ago on April 12, 2016 for $200.00. Id.

On or about April 18, 2018, the FLU sent a Financial Statement to the Defendant requesting he complete and return the same in order to determine a reasonable payment plan. Exhibit B. The Statement was mailed to the last known address of the Defendant (8000 N. Oak Tree Drive, Lorain, Ohio, 44053) and it was returned with a forwarding address of 464 Rock Creek Run, Amherst, Ohio, 44001. On June 26, 2018, the FLU sent a subpoena to the Defendant at his new address requesting that he appear for a deposition on July 25, 2018, and produce a Financial Statement and supporting documentation. Exhibit C. The subpoena was delivered on June 29, 2018. Exhibit D, Subpoena, proof of service. The Defendant failed to appear for his deposition Exhibit E, Deposition Transcript. On July 25, 2018, the FLU sent a letter to the Defendant requesting he complete the Financial Statement again. It was delivered on July 26, 2018. Exhibit F. Once again, the Defendant failed to comply with this request.

The FLU has completed a cursory review of the defendant's assets and it appears the Defendant has the means to make significant restitution payments. According to the review of the Defendant's assets, the FLU has identified 33 residential properties which appear to be owned by the Defendant with a value of $1.4 million. The Defendant's victim is entitled to restitution and the Defendant's willful failure to comply with the requests of the U.S. Attorney's Office requires the Court's intervention.

## II. The Defendant Should Be Required to Provide Complete Financial Information to the Office of the U.S. Attorney

The Defendant has willfully failed to cooperate with the Office of the U.S. Attorney's request to provide financial information. Pursuant to this Court's order of April 24, 2013, the responsibility for collecting the Defendant's restitution balance lies with the Office of the U.S. Attorney. (Order, ECF No. 19) The Defendant has willfully failed to appear for a

2

deposition as to his finances and to provide a financial statement as well. The movant is requesting the Court order the Defendant to submit a complete Financial Statement, provide copies of his federal income tax returns, and all supporting schedules for tax years 2016-2018, and any other financial documents requested by the Office of the U.S. Attorney.

### III. This Court Should Enforce Its Court Order Upon Defendant Through Civil Contempt

Courts have the inherent power through civil contempt to impose their orders when a defendant is found to be in default. *See S.E.C. v. Dollar Gen. Corp.*, 378 F. App'x 511, 516 (6th Cir. 2010) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("'There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.'"). The civil contempt source comes from the "inherent power" of the courts to enforce their orders. *See United States v. Mitchell,* 556 F.2d 371, 384 (6th Cir. 1977) (citing *Shillitani*, 384 U.S. at 370).

The federal court's inherent powers "'are necessary to the exercise of all others.'" *Roadway Express Inc., v. Piper*, 447 U.S. 752, 764 (1980) (quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812)). The civil contempt sanction is the most important of the court's powers because the judge must have the authority to protect the due and orderly administration of justice in maintaining the authority and dignity of the court. *Roadway Express, Inc.*, 447 U.S. at 764 (citing *Cooke v. United States*, 267 U.S. 517, 539 (1925)). The civil contempt power should not be used "lightly," because it becomes "a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory" *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911); *See also United*

3

*States v. Robinson*, No. 5:07-CR-0574, 2010 WL 2028093, at *2 (N.D. Ohio May 21, 2010) (Lioi, J.).

The failure of Defendant to appear for his deposition regarding his finances, and also to provide his financial statement pursuant to the Court's Order (Order, ECF No. 19, PageID #    ), "constitutes disobedience of lawful court orders and thus amounts to contempt." *Wilson v. Site Dev, Inc.*, No. 2:17-cv-600, 2018 WL 1149866, at *4 (S.D. Ohio Mar. 3, 2018). Civil contempt proceedings enforce the compliance of court's orders, and there is an implied urgency to act upon them in a prompt manner. *Gompers*, 221 U.S. at 450; *Elec. Workers Pension Tr. Fund of Local Union #58, IBEW, v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003); *Robinson*, 2010 WL 2028093, at 2.

> A party who has disobeyed a court order may be held in civil contempt if it is shown, by clear and convincing evidence, that the party "violated a definite and specific order of the court requiring [him] to perform or refrain from performing a particular act or acts with knowledge of the court's order."

*Wilson v. Site Dev., Inc.*, No. 2:17-CV-600, 2018 WL 1149866, at * 4 (S.D. Ohio Mar. 5, 2018) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). When a prima facie cause of civil contempt has been proven, the burden shifts to the opposing party to show evidence their inability to comply with the Court's order. *Gary's Elec. Serv. Co.*, 340 F.3d at 379; *Wilson*, 2018 WL 1149866, at *4. To satisfy the Defendant's burden, he must explain in detail why he could not comply with the Court's order. *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). The Court must then determine if the Defendant "'took all reasonable steps within [his] power to comply with the court's order.'" *Gary Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

4

The record reflects that while the Defendant has received adequate letters requesting financial information from him, along with a subpoena from the Office of the U.S. Attorney, FLU Unit, Defendant has not attempted to contact the FLU Unit to comply with this Court's order.

Based upon the foregoing, the undersigned respectfully requests this motion be granted.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ Alex Rokakis
        Alex Rokakis (OH: 0029078)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3673
        (216) 522-4542 (facsimile)
        Alex.Rokakis@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 26th day of April 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was mailed to the Defendant at 464 Rock Creek Run, Amherst, Ohio, 44001.

                                          /s/ Alex Rokakis
                                          Alex Rokakis
                                          Assistant U.S. Attorney